Glenn D. Zimmerman
3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Attorney for Jennie Massey

| | |
|---|---|
| The United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Jennie Massey,<br><br>　　　　Defendant | Case No.: No. 2:06CR287-MHT<br><br>**MOTION TO SUPPRESS** |

   COMES NOW, GLENN D. ZIMMERMAN, Attorney for the Defendant in the above styled cause and prays this Honorable Court to ORDER the Government, its attorneys, agents, and all witnesses connected to the prosecution of the above case to Absolutely refrain from making any mention, either directly or indirectly, to any audi tape or any other evidence, not heretofore supplied to the Defendant and as grounds for this motion the undersign states as follows:

   1. That the Court in its standing Order of Discovery, issue as part of the January 5, 2007 Order on Arraignment, Ordered that the government disclose all 404(b) Evidence. This required the government to disclose all evidence it intended to use at trial.

   2. That on January 12, 2007, at the Pretrial Conference, the Defense disclosed to the Court that the government had not provided discovery pursuant this Court's Order of January 8, 2007. Magistrate Judge Coody Ordered Todd Brown, standing in for AUSA Kent Brunson, to provide discovery immediately and he handed attorney Glenn D. Zimmerman a package which he termed "all the discovery we have."

   3. That Defense Counsel Zimmerman copied said material and returned same to AUSA Brown in open court. At this point **the Court's January 8, 2007 deadline for government discovery had already past.**

Notice of Appearance - 1                        3379 Watchman Drive
                                                Montgomery, Alabama 36116
                                                Telephone: (334) 273-1261

4. That the Defendant has subsequently learned, through perusal of the scant discovery provided by the government, that there exists an audiotape of the Defendant and a confidential witness which has not been turned over in the discovery process, in accordance with Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

5. That counsel for the Defendant has previously requested a Motion to Continue to allow for the review of discovery and preparation of the defense and said motion was denied.

6. That Defendant would be extremely prejudiced if required to go to trial without an adequate opportunity to review the audiotape in question and to test the accuracy, veracity and that the evidence was properly secured to insure that it has not been tampered with. This is evidence which is:

   a. material to the preparation of the defense;
   b. presumably intended for use by the state as evidence at the trial; or
   c. which was obtained from the defendant, by means of surveillance.

7. That the government failed to disclose to defendant any and all evidence known to the government which may be favorable to the defendant on issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1983), to include but not limited to the following:

   a. matters tending to show defendant's innocence;
   b. whether someone other than the defendant may have culpability with regard to the particular case;
   c. whether any potential state witness has been convicted of a crime affecting credibility;
   d. whether any state witness has been confined or otherwise placed in a mental institution, or has undergone a psychiatric evaluation; and,
   e. whether any state witness has specifically made any statement concerning the defendant's innocence.

8. whether any person, including a potential state witness, has received or been offered some promise, reward, immunity or any other benefit as a consideration, or potential consideration, for his or her testimony or for providing information leading to the discovery of any evidence offered at the trial, within the scope of United States v. Giglio, 405 U.S. 150 (1972).

Notice of Appearance - 2                    3379 Watchman Drive
                                            Montgomery, Alabama 36116
                                            Telephone: (334) 273-1261

9. That the government failure to turn over discovery until Ordered to do so in the Pretrial Conference is violative of the Court's Order and all material not produced by the January 8, 2007 cutoff date should be suppressed.

10. That to allow such evidence at trial would be a denial of Defendant's rights of due process guaranteed by the Constitution of the United States.

**RESPECTFULLY SUBMITTED** this the 29th day of January 2007.

Glenn D. Zimmerman ZIM002
3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Notice of Appearance - 3

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document has been served on counsel listed below by placing a copy of the same in the United States mail postage prepaid and properly addressed on this the 22st day of _January_, 2007.

Leura Canary,

U.S. Attorney for

The Middle District of Alabama

1 Church Street

Montgomery, Alabama  36102

_____
OF COUNSEL

Notice of Appearance - 4                3379 Watchman Drive
                                        Montgomery, Alabama 36116
                                        Telephone: (334) 273-1261

| | |
|---|---|
| The United States of America, | Case No.: No. 2:06CR287-MHT |
| Plaintiff, | |
| vs. | |
| Jennie Massey, | |
| Defendant | |

### BRIEF IN SUPPORT OF MOTION TO SUPPRESS

I. **WHETHER THE GOVERNMENT HAD A LEGITIMATE REASON FOR DELAY IN TURNING OVER DISCOVERY?**
   a. The Court must weigh the reasons for the government's delay. United State v. Euceda-Hernandez, 768 F.2d 1307, (11th Cir. 1985). The government has not stated why it delayed turning over this most important piece of evidence. The government was aware of the standing order and the Court's Order on Arraignment, but filed no Motion to Excluded, nor did the government inform the Court that it was not turning over certain evidence.
   b. The government did not hide the fact that the evidence existed. The government just turned over the initial discovery late and hampered the Defendant's ability to learn of the audiotape.

II. **WHAT IS THE EXTENT OF PREJUDICE?**
   a. This goes straight to the heart of the government's case. The tape is supposedly of the transaction which formed the basis of the indictment and is necessary for the preparation of the defense. An audiotape is evidence which might convince a jury, to a greater extent, than a confidential witness wthat has worked a deal with the government.
   b. "The purpose of requiring the Government is to promote the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at trial." United State v. Euceda-Hernandez, 768 F.2d 1307, (11th Cir. 1985).

III. **WHETHER THE PREJUDICE MAY BE REMEDIED BY CONTINUANCE?**
   a. The Defendant has requested continuance and would not object to this matter being continued if the Court does not suppress the evidence as requested.

Glenn D. Zimmerman
Gwendolyn Thomas Kennedy

Notice of Appearance - 5

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261