Glenn D. Zimmerman
3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Attorney for Jennie Massey

RECEIVED

2007 JAN 31  P 2:48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

The United States of America,

    Plaintiff,

vs.

Jennie Massey,

    Defendant

Case No.: No. 2:06CR287-MHT
uwc

**AMENDED MOTION TO SUPPRESS**

    **COMES NOW, GLENN D. ZIMMERMAN,** Attorney for the Defendant in the above styled cause and prays this Honorable Court to ORDER the Government, its attorneys, agents, and all witnesses connected to the prosecution of the above case to Absolutely refrain from making any mention, either directly or indirectly, to any audio tape or any other evidence, not heretofore supplied to the Defendant and as grounds for this motion the undersign states as follows:

## FACTS

1. That the Court in its standing Order of Discovery, issue as part of the January 5, 2007 Order on Arraignment, Ordered that the government disclose all 404(b) Evidence. This required the government to disclose all evidence it intended to use at trial.

2. That on January 12, 2007, at the Pretrial Conference, the Defense disclosed to the Court that the government had not provided discovery pursuant this Court's Order of January 8, 2007. Magistrate Judge Coody Ordered Todd Brown, standing in for AUSA Kent Brunson, to provide discovery immediately and he handed attorney Glenn D. Zimmerman a package which he termed "all the discovery we have."

3. That Defense Counsel Zimmerman copied said material and returned same to AUSA Brown in open court. At this point **the Court's January 8, 2007 deadline for government discovery had already past.**

Amended Motion to Suppress - 1

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

4. That the Defendant has subsequently learned, through perusal of the scant discovery provided by the government, that there exists an audiotape of the Defendant and a confidential witness which has not been turned over in the discovery process, in accordance with Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

5. That counsel for the Defendant has previously requested a Motion to Continue to allow for the review of discovery and preparation of the defense and said motion was denied.

6. That the government failed to disclose to defendant any and all evidence known to the government which may be favorable to the defendant on issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1983), to include but not limited to the following:

    a. matters tending to show defendant's innocence;
    b. whether someone other than the defendant may have culpability with regard to the particular case;
    c. whether any potential state witness has been convicted of a crime affecting credibility;
    d. whether any state witness has been confined or otherwise placed in a mental institution, or has undergone a psychiatric evaluation; and,
    e. whether any state witness has specifically made any statement concerning the defendant's innocence.

7. That the government failed to disclose whether any person, including a potential government witness, has received or been offered some promise, reward, immunity or any other benefit as a consideration, or potential consideration, for his or her testimony or for providing information leading to the discovery of any evidence offered at the trial, within the scope of United States v. Giglio, 405 U.S. 150 (1972).

8. That to allow such evidence at trial would be a denial of Defendant's rights of due process guaranteed by the Constitution of the United States.

I. WHETHER THE GOVERNMENT VIOLATED THE DEFENDANT'S RIGHTS UNDER BRADY V. MARYLAND, 373 U.S. 83 (1983)?

    a. The Court in Brady stated that there should be an "avoidance of an unfair trial to the accused … A prosecution that withholds evidence on demand of an accused which … would tend to exculpate him … helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of architect of a proceeding that does not comport with standards justice."

    b. The government in the discovery that it untimely turned over, showed that the confidential informant who instigated the alleged transaction which resulted in the

indictment, arrest and current criminal case against the defendant was not in the room during the transaction.

c. "Indeed, the "duty to disclose such evidence is applicable even though there has been no request by the accused, and . . . the duty encompasses impeachment evidence as well as exculpatory evidence." *Grossman v. McDonough*, 466 F.3d 1325 (11th Cir. 2006) citing *Strickler v. Greene, See also Brady v. Maryland*, 373 U.S. 83 (1963). The Defendant fully expects that the confidential informant or witness will testify and this audio tape is the only means to impeach his testimony. It is direct evidence of what occurred.

d. If the tape comports with the case agent notes, we expect that the audio tape will confirm that there is no evidence that defendant made the alleged transaction which forms the basis of this prosecution and the tape is exculpatory.

## II. WHAT IS THE EXTENT OF PREJUDICE?

a. While the Court has the discretion to disregard the government's failure to comply with this court's orders, the Federal Rules of Criminal Procedure and the policy against the undesirable effect of surprise at trial." *United State v. Euceda-Hernandez*, 768 F.2d 1307, (11th Cir. 1985), "the administration of justice suffers when any accused is treated unfairly.

b. This goes straight to the heart of the government's case. The tape is supposedly of the transaction which formed the basis of the indictment and is necessary for the preparation of the defense. An audiotape is evidence which might convince a jury, to a greater extent, than a confidential witness that has worked a deal with the government. It is further necessary to impeach someone who likely has been offered a deal to testify.

## III. WHETHER THE GOVERNMENT VIOLATED THE DEFENDANT'S RIGHTS UNDER *GIGLIO V. UNITED STATES*, 405 U.S. 150 (1972)?

a. The government has presented no testimony that a deal has been offered, but refers to the witness as a confidential witness. No name has been given for this witness and therefore there is no way to prepare for effective cross examination or impeachment of this witness. **No discovery has been given concerning the government's one witness against the Defendant.** This is required under Brady and *Giglio V. United States*, 405 U.S. 150 (1972).

b. The government has no way to connect defendant to this crime other than this unnamed witness, the audio taped and a printout which can not identify the Defendant.

## IV. WHETHER THE PREJUDICE MAY BE REMEDIED BY CONTINUANCE?

a. The Defendant has requested continuance and would not object to this matter being continued if the Court does not suppress the evidence as requested.

Amended Motion to Suppress - 3

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

**RESPECTFULLY SUBMITTED** this the 31st day of Jan 2007.

        /s/Glenn D. Zimmerman
        Glenn D. Zimmerman
        Attorney for Jennie Massey
        3379 Watchman Drive
        Montgomery, Alabama 36116
        Telephone:(334) 273-1261

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document has been served on counsel listed below by placing a copy of the same in the United States mail postage prepaid and properly addressed on this the 30th day of January, 2007.

Leura Canary,

U.S. Attorney for

The Middle District of Alabama

1 Church Street

Montgomery, Alabama 36102

        /s/Glenn D. Zimmerman
        Glenn D. Zimmerman

Amended Motion to Suppress - 4        3379 Watchman Drive
        Montgomery, Alabama 36116
        Telephone: (334) 273-1261