Glenn D. Zimmerman
3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Attorney for Jennie Massey

| | |
|---|---|
| The United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Jennie Massey,<br><br>    Defendant | Case No.: No. 2:06CR-00287-UWC |

## REQUEST FOR SPECIFIC *KYLES* AND *BRADY* INFORMATION

Defendant,*, through counsel and pursuant to the dictates of *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, respectfully moves for an entry of an order requiring the government to disclose and provide the following specific information and material known or that with the exercise of due diligence should be known to the government. This information is favorable to the Defendant on the issues of guilt or punishment, including impeachment information and other material and evidence tending to discredit the government's witnesses, in addition to any other matters known to the government that may be exculpatory or otherwise favorable to the defendant.

The following documents and information regarding the cooperating witness(es) in this case are requested:

A. The name and address of each cooperating witness;

B. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness;

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments or rewards provided him by the government, efforts made to induce others to participate in criminal activity, or other purported law enforcement-related matters;

Request For Specific *Kyles* And *Brady* Information -

1

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

D. Any ledger, sheet, or other document which details the sums paid or benefits provided to the cooperating witness or his family in this and other cases in which the informant assisted the government and the purpose of each such payment;

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation.

F. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations.

G. Any statement made, information or document provided by a prospective government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness.

H. The name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness.

I. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute;

J. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, and any other records available to the government reflecting the arrest, conviction and investigative history of the cooperating witness;

K. Information concerning prior misconduct by the cooperating witness in the performance of his role as an informant including: any prior refusal of the informant to testify for or assist the government; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the informant by any law enforcement agency;

L. Information concerning misconduct by the cooperating witness other than in his role as an cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

M. All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

1. Any state or federal law enforcement officer or agency,

2. Any state or federal grant jury,

3. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding;

N. Information reflecting the nature and extend of assets obtained by the informant in connection with his illegal activities over the past ten years;

O. Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:

1. Given a code name,

2. Given assumed/false identify,

3. Reasons for cooperation,

4. Given a polygraph examination,

5. Briefed on entrapment,

6. Contracts executed with any law enforcement agency,

7. Any release forms executed by the witness,

8. Records revealing the witness was advised to pay Federal Income Taxes,

9. Records that he could not violate the law,

10. Records which require him to protect his false identity,

11. Records that the witness cannot use any illegal drugs,

12. Records that the witness consented to recording any conversation with any party;

P. If given a polygraph exam, the results of any polygraph examination performed on any potential government witness as well as any information concerning the failure of any potential government witness to submit to a polygraph examination;

**Request For Specific *Kyles* And *Brady* Information** –

3

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Q. Any government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

R. All information and records revealing any potential impairment of the capacity of any prospective government witness to observe, recollect and testify about the events giving rise to the charges filed in this case including impairments or sight, hearing, memory, language, or any other physical or psychological disability;

S. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness or defect at any time within the past five years;

T. All information and records indicating that the prospective government witness (1) may have used cocaine, marijuana, another controlled substance, used alcohol to excess at any time during the time span alleged in the indictment filed in this case, or (2) sought to received treatment for any substance abuse problem (including alcohol) at any time within the past five (5) years;

U. Applicable records of the United States Probation department if the witness has been placed on probation or a Pre-Sentence Investigation "PSI" has been conducted.

## MEMORANDUM OF LAW

**"[T]he use of informants to investigate and prosecute persons is fraught with peril." .... "By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom."**

*United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993).

Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government. *Unites States v. Lloyd*, 992 F.2d, 348, 351 (D.C.Cir. 1993). See also *United States v. Bagley*, 473 U.S. 667 (1985).

"Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the

**Request For Specific *Kyles* And *Brady* Information** –

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

4

integrity of the criminal justice system." *California v. Trombetta*, 467 U.S. 479, 485 (1984). If this material evidence exists in the hands of the government or an agent of the State, the failure to disclose this evidence is a violation of the precepts of *Brady v. Maryland, supra*; see also, *Kyles v. Whitney*, 115 S.Ct. 155, 157 (1995). "In fact, an individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.*

## PRIOR UTILIZATION OF AND TESTIMONY BY INFORMANT

Information regarding the prior utilization of the witness is material and favorable within the terms of *Brady v. Maryland*, 373 U.S. 83 (1963), where it reveals the informant's *modus operandi* in setting up criminal transactions and in inducing other persons to participate in criminal activity. *Johnson v. Brewer*, 521 F.2d 556, 563 (8th Cir. 1975). Experience has shown that where an informant utilizes undue persuasion in one case to induce an individual to participate in a criminal offense, he is likely to use the same tactic in other cases. *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977). In *McClure*, the conviction was reversed and remanded due to the trial court's exclusion of "Fed. R. Evid. 404(b) evidence of a systematic campaign" by the informant to induce other persons to engage in illegal activity. *Id.*, 546 F.2d at 672, 673. "[I]n the case before us it was the defendant who sought to introduce evidence of the informant's scheme. His right to present a vigorous defense required the admission of the proferred testimony. *Id.*

Evidence of the informant's offering the defendant an inducement to commit any offense or to effect the defendant's predisposition is evidence that directly substantiates an entrapment defense. *United States v. Suarez*, 939 F.2d 929, 932 (11th Cir. 1991). The Supreme Court, in *Matthews v. United States*, 485 U.S. 58 (1988) and more recently in *Jacobson v. United States*, 503 U.S. 540, 550 (1992), reaffirmed the traditional entrapment defense and held that the defendant may proceed with such a defense exclusively or in the alternative.

Such evidence is also discoverable, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Bagley*, 473 U.S. 667 (1985), to aid in the impeachment of a witness. Similarly, the prior testimony of the informant on themes material to his service as an informant should be disclosed where the defense proposes to examine the informant as to those themes at trial. *John v. Brewer*, 521 F.2d at 563. In *Unites States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989)., the Eleventh Circuit recognized the importance of such evidence, reversing the conviction where the trial court had excluded evidence offered under Fed. R. Evid. 404(b) that the primary informant had previously concocted and managed a fraudulent scheme.

**Request For Specific *Kyles* And *Brady* Information** -

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

5

In *Mesarosh v. United States*, 352 U.S. 1 (1956), the Supreme Court reversed the defendant's conviction and remanded for a new trial to allow the defendant to present previously undisclosed evidence that the government's key witness testified falsely in similar, but unrelated proceedings. The Eleventh Circuit reaffirmed the vitality of the *Mesarosh* decision in *United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990), holding that the government may not withhold evidence that a witness has made prior false statements in a matter within the jurisdiction of a federal agency. *Cr. United States v. Williams*, 500 F.2d 105, 108 (9th Cir. 1974) (granting a new trial under *Mesarosh* to allow defendant to present to the jury evidence of a witness' previous false statements in other proceedings).

## PREFERENTIAL TREATMENT GIVEN AND THREATS

## MADE TO INFORMANT, INCLUDING MONIES PAID

## AND PROMISES OF FINANCIAL AWARD

The Standing Discovery Order, paragraph D, compels disclosure of the "existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses." By his request, the defendant seeks a full record of all considerations given to the informant and his family as a result of his cooperation in this case as well as any other case in which the informant has provided services.

Such detailed information and records are needed to demonstrate the motive of the witness and are discoverable. *Giglio v. United States*, 405 U.S. 150 (1992); *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992).

The witness' motive to testify in favor of one party and against another is a matter open to discovery and introduction into evidence. Fed. R. Evid. 608. The *Eleventh Circuit Pattern Criminal Jury Instructions, Special Instructions* 1.1, 1.2 and 1.3, highlight the importance of such evidence in judging the credibility of the informant or witness.

For example, a paid informer, or a witness who has been promised he will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his own case, may have a reason to make a false statement because he wants to strike a good bargain with the government.[1]

---

[1] *Eleventh Circuit Pattern Criminal Jury Instructions, Special Instruction 1.1.*

**Request For Specific *Kyles* And *Brady* Information** –

6

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

Evidence that the government has threatened a potential witness to obtain the witness' cooperation, is admissible, and may demonstrate unconstitutional interference with the defendant's right to free access to witnesses. *United States v. Hendricksen*, 564 F.2d 197, 198 (5th Cir. 1977); *United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987).

The Defendant further seeks information as to threats or promises made to the witness or his family to motivate his cooperation. The threats/benefits evaluation is not limited to the informant alone. *United States v. Partin*, 493 F.2d 750, 757 (5th Cir. 1974). Such *Giglio* material is discoverable to allow defense counsel to establish possible bias or hostility of the informant. It is proper impeachment to question a cooperating witness about the dismissal of charges against his or other preferential treatment given t his family. *United States v. Nickerson*, 669 F.2d 1016, 1018 (5th Cir. 1982).

Similarly, unconsummated promises of financial or other awards or benefits are discoverable as to the informant. Thus, where the informant harbors an expectation of a future financial award of his services in obtaining a conviction, such evidence is crucially important to the defense. *United States v. Williams*, 954 F.2d 668, 672 (11th Cir. 1992). Defendant seeks disclosure of any promise, formal or informal, that would lead the informant to have an expectation of an award in the instant case.[1]

## CONFLICTING WITNESS STATEMENTS

The conflicting statement of a witness must be turned over to the Defendant. *Kyles v. Whitley*, 115 S.Ct. 1155 (1995). In *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977), the court held that the government's failure to disclose an eyewitness' prior statement that was inconsistent with the testimony of the government's key trial witness was reversible error. Also, in *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981), the court stated:

As impeaching evidence, the prior inconsistent statement would fall within disclosure requirements because *Brady* encompasses impeachment evidence as well as evidence favorable to the accused on the issue of guilt.

Additionally, the court in *Jones v. Jago*, 575 F.2d 1164, 1166 (6th Cir. 1978), *cert. denied* 439 U.S. 883 (1978), found that an eyewitness' statement to the government, while not expressly exonerating the defendant, and made no reference to the defendant's presence or participation in the offense, was *Brady* material and that the failure to disclose such a statement required the

reversal of the conviction. *Id.* At 1164. This type of *Brady* material, though negative or neutral in character, may be the key to a favorable defense.

This court has held that a report of a witness interview that reveals circumstantial evidence that a person other than the defendant may have been the actual perpetrator of the offense is *Brady* material. *Troedel v. Wainwright*, 667 F.Supp. 1456 (S.D.Fla. 1986).

Even though such a defense-favorable or neutral statement may otherwise be protected from disclosure under the *Jencks* Act, the government is under a due process obligation to disclose the information to the defense before trial and in a timely manner. *United States v. Campagnulo*, 592 F.2d 852, 859 (5th Cir. 1979).

## INFORMANT'S ARREST AND CONVICTION RECORD,

## UNAUTHORIZED CRIMINAL ACTIVITY AND OTHER MISCONDUCT

An informant's history or criminal activity and other misconduct is relevant to the consideration of his credibility, bias, motive and *modus operandi*. It is part of the defense in this case that the informant improperly created a crime and lured the defendant into the alleged criminal activity. This case raises both the issue of entrapment and the defense of government overreaching. The question of who initiated the criminal activity and whether the defendant was misled are primary issues for the defendant.

The informant's history and pattern of criminal activity and misconduct serve to illustrate the methods normally employed by the informant to achieve his goals. Such evidence "might easily extend beyond that of mere impeachment." *United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990). In *Espinosa-Hernandez*, the Eleventh Circuit reversed the district court's failure to grant full discovery as to an undercover agent's misconduct relating to the handling of informants. 918 F.2d at 914; *Cf. Haber v. Wainwright*, 756 F.2d 1520, 1523 (11th Cir. 1985) (prior criminal conduct relevant where witness may have been promised immunity).

Along the same line, the courts have held evidence of the unreliability of an informant witness to be discoverable and highly relevant information. For example, information regarding prior or contemporaneous perjury or bizarre testimony of an informant would be discoverable. *United States v. Mesarosh*, 352 U.S.1 (1956).

**Request For Specific *Kyles* And *Brady* Information  –**

8

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

## PRESENTENCE INVESTIGATION "PSI"

While a Pre-Sentence Investigation Report <u>in the hands of the court or the probation office</u> is not usually producible in response to a discovery motion, *see, e.g., United States v. Trevino*, 556 F.2d 1265, 1270-1271 (5th Cir. 1977), the courts that have directly addressed the issue have uniformly recognized that such a report <u>is</u> producible if it is <u>in the hands of the prosecutor</u> and if, upon in camera review, the trial judge determines that it contains <u>exculpatory or impeachment material</u>. *See, e.g., United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993) (holding that defendant has a right to exculpatory or impeachment material that is contained in [witness] presentence reports as determined by the district court upon in camera review); *United States v. Moore*, 949 F.2d 68, 71-72 (2d Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992) (approving in camera review of a presentence report to determine if it contains any exculpatory or impeaching material); *United States v. DeVore*, 839 F.2d 1330, 1332-1333 (8th Cir. 1988) (portion(s) or a presentence report determined by the court, upon in camera review, to contain exculpatory or impeachment material are discoverable); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir. 1984) (same); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) (same).[2]

## U.S. PROBATION RECORDS

The defendant has a due process right, to material contained in the files of the U.S. Probation Office if that material bears on the credibility of a significant witness. *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989).

## FEDERAL INCOME TAX RETURNS

The defendant specially requests the Federal Income Tax records of the cooperating witness for each year in which any law enforcement agency provided compensation of any type. *United States v. Shaffer*, 789 F.2d 682, 688-689 (9th Cir. 1986).

Federal law enforcement agencies require informants to pay federal income taxes on monies received. *See* Drug Enforcement Manual, ("DEA") Chapter 66, Section 6612.31. The defendant is entitled to these records since he has a good faith basis to believe that the informant has not paid the proper taxes or has misrepresented his earnings in violation of federal law.

**Request For Specific *Kyles* And *Brady* Information** –

9

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

## ASSETS OBTAINED BY AN INFORMANT

## THROUGH CRIMINAL ACTIVITY

The discovery of any and all assets obtained by the witness through criminal activity is sought as verification of the extent of the informant's prior criminal activity and his motive to protect such assets from forfeiture and taxes. Further, it is submitted that this witness may have committed perjury by failing to report income from criminal activity in his prior income tax returns. Such perjury is relevant in the consideration of any evidence presented by the informant. *United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir. 1986), *Seventh Circuit Pattern Criminal Instructions*, 3.21 (modified).

## FILES REFLECTING INFORMANT'S BAD CHARACTER

Federal law enforcement agencies maintain at least two separate files on informants. The first is the investigative file, and the second contains the informant or witness' background, payments and false identity.

In *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1465 (9th Cir. 1992), the court held that the failure to disclose an internal DEA memorandum regarding the informant conduct which impeached the informant's credibility was reversible error. Thus the Court required the disclosure of the memorandum pursuant to the dictates of *Brady, id.* at 1461.

"An [AUSA] using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding a witness". *United States v. Osorio*, 928 F.2d 753, 760 (1st Cir. 1991), (citing *Giglio*).

## REVIEW OF GOVERNMENT AGENT(S) AND

## LAW ENFORCEMENT PERSONNEL FILES

The Government has a duty to examine the personnel files of <u>all</u> Federal agents and the files of any local, state or municipal law enforcement officer who will testify and <u>must</u> disclose information favorable to the defense for impeachment purposes. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) *citing United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984). "In the event that the Government is uncertain about the materiality of information in it's possession, it may submit the information to the trial Court for an in camera inspection and evaluation..." *Id.* at

**Request For Specific *Kyles* And *Brady* Information** -

10

3379 Watchman Drive
Montgomery, Alabama 36116
Telephone: (334) 273-1261

1467-68. The Government has a duty to examine the personnel files upon a defendant's request for production. *See id.* at 1467. Absent such an examination, it cannot ordinarily determine whether it is obligated to turn over the files. *Henthorn*, at 31.

Additionally, in *United States v. Deutsch*, 475, F.2d 55, 58 (5th Cir. 1973), the court compelled disclosure of a postal employee's personnel file where these records revealed the government witness, may have had disciplinary problems. Similarly, in *United States v. Garrett*, 542 F.2d 23, 26 (6th Cir. 1976), the court reversed the defendant's conviction where the district court foreclosed discovery and cross-examination as to the personnel records of the law enforcement officer. This government witness acted in an undercover capacity. His disciplinary records evidenced suspected use of narcotics and failure to submit to a urinalysis. This court noted that such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted." *Id.*

## REVIEW OF LAW ENFORCEMENT RECORDS

The government has an institutional responsibility to canvass all sources relied upon in it's prosecution including other law enforcement agencies. *Kyles v. Whitley*, 115 S.Ct. 1555 (1995). Once placed on notice the government has a responsibility to search all the record depositories of cooperating law enforcement agencies to obtain information for discovery purposes. *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992).

## IMPAIRMENT OF WITNESS BY PHYSICAL DISABILITY, MENTAL DISABILITY OR SUBSTANCE ABUSE PSYCHIATRIC TREATMENT

The Fifth Circuit, in *United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974), 434 U.S. 903 (1977), explained why a witness' psychological history must be disclosed:

It is just as reasonable that a jury be informed of a witness mental incapacity at a time about which he proposes to testify as it would be for the jury to know that he then suffered an impairment of sight or hearing. It all goes to the ability to comprehend, know and correctly relate the truth.

Particularly relevant is evidence that a witness is undergoing psychiatric treatment. *Id.* at 116. *See United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983), ("Denial of defendants' access to psychiatric materials is alone sufficient to constitute reversible error".) *United States v. Collins*, 472 F.2d 1017 (5th Cir. 1972); *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972).

### PHYSICALLY OR EMOTIONALLY IMPAIRED

In *United States v. Collins*, 472 F.2d 1017 (5th Cir. 1972), *cert. denied*, 411 U.S. 983 (1973), the court acknowledged that a witness narcotics use is material and that the testimony of a narcotics user is to be considered with caution. Similarly, in *Fowler*, 465 F.2d at 664, the court held that the defendant was entitled to know whether a government witness was a narcotics user.

Additionally, in *United States v. Garner*, 581 F.2d 481, 485 (5th Cir. 1978), the court reasoned that the testimony of witnesses who had formerly used heroin should be weighed with caution. In the case, the witness had undergone methadone treatment and was no longer using heroin at the time he observed the events of the case however, it was left to the jury to take this information into account in weighing the witness' credibility. *Id.* Thus, it is well established that a defendant is entitled to a jury instruction advising that the testimony of a narcotics user or addict should be considered suspect as to motives and possible impairment of the ability to accurately observe. *See Eleventh Circuit Pattern Criminal Jury Instructions, Special Instruction 1.3; Fifth Circuit Pattern Criminal Jury Instruction 1.17.*

### POLYGRAPH RESULTS

The Eleventh Circuit in *United States v. Piccinonna*, 885 F.2d 1529, 1536 (11th Cir. 1989), recognized that polygraph examination results are admissible to impeach or bolster a witness' credibility. *See* Fed. R. Evid. 403, 608(b). Thus, polygraph results which tend to show that a witness has made false or conflicting statements to the government are relevant and discoverable. *Id. United States v. Posada*, 57 F.3d 428 (5th Cir. 1995). While admissibility issues may be resolved at trial, the underlying discovery material must be disclosed prior to trial to allow for adequate defense preparation. *Giglio v. United States*, 405 U.S. 150 (1972).

## CREDIBILITY OF CO-CONSPIRATOR STATEMENTS

As to Fed. R. Crim. P. 12(d)(2), the government may be ordered to disclose specific items of evidence on which it intends to rely at trial. Disclosure of a co-conspirator's statements intended to be offered under Fed. R. Evid. 801(d)(2)(E) was ordered in *United States v. Thevis*, 84 F.R.D. 47, 56-57 (N.D. Ga. 1979) to allow the defense an opportunity to effectively meet and cross-examine such hearsay declarations. Evidence relating to the credibility of such statements should also be produced. In *United States v. Enright*, 579 F.2d 980, 989 (6th Cir. 1978), the court held that "retraction of a previously incriminating and inculpatory statement [which statement was offered at trial by the government under the co-conspirator exception to the hearsay rule] must indeed qualify as material and favorable to the defense."

In *United States v. Christopher*, 923 F.2d 1545, 1550-52 (11th Cir. 1991) and *United States v. Allison*, 908 F.2d 1531, 1533 (11th Cir. 1990), the Eleventh Circuit reiterated that the admissibility and weight to be given to a co-conspirator's hearsay statements are subject to challenge including; the true identity of the speaker, whether the speaker was a co-conspirator at the time the statement was made, whether the statement was made in furtherance of the conspiracy, and whether there are any indicia of reliability of the statement. Fed. R. Evid. 806 provides that a party may attack the credibility of the declarant of a statement offered under Fed. R. Evid. 801(d)(2)(E) "by any evidence which would be admissible for those purposes if the declarant had testified as a witness."

Thus, under *Giglio*, the government's duty to disclose "favorable" impeachment material extends to impeachment of the declarant when statements are offered pursuant to Fed. R. Evid. 801(d)(2)(E), 405 U.S. 150. Impeachment can only be prepared if the defendant is at least made aware of the identify of the declarant and the content of the statement. *Cf. Thevis*, 84 F.R.D. at 56; *See also United States v. Kubiak*, 704 F.2d 1545, 1549-1551 (11th Cir. 1983) (indicated co-conspirator's exculpatory statement in *Brady* material).

## WITNESS' RECORD OF ARRESTS AND MISCONDUCT

Pursuant to Fed. R. Evid. 608(b) a witness may be cross-examined as to specific instances of conduct "concerning the witness' character for truthfulness or untruthfulness." Thus, some courts have held that in certain circumstances a witness may be questioned regarding prior arrests which have not led to a conviction. *United States v. Croucher*, 532 F.2d 1042, 1045 (5th Cir. 1976) (informant witness' full arrest record was relevant to demonstrate a possible motive to strike a good bargain with the government).

Similarly, uncharged misconduct of a witness is fair game for impeachment on cross-examination. *United States v. Ray*, 731 F.2d 1361, 1364-65 (9th Cir. 1984) (reversible error to refuse to permit cross-examination of a government witness as to alleged post-plea drug activities); *United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) that prosecution witness had previously concocted and managed a fraudulent scheme); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) (conviction

**Request For Specific *Kyles* And *Brady* Information** -    3379 Watchman Drive
                                                              Montgomery, Alabama 36116
13                                                            Telephone: (334) 273-1261

reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) to show that informant had previously entrapped other defendants).

## CONCLUSION

WHEREFORE, Defendant moves this Court for entry of an order requiring the Government to produce the described specific information and materials.

/s/Glenn D. Zimmerman
Glenn D. Zimmerman
Gwendolyn Thomas Kennedy
Attorneys for Jennie Massey
3379 Watchman Drive
Montgomery, Alabama 36116
Phone: (334) 273-1261
Fascimile: (334) 273-1262
Email: gdzatty@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document has been served on counsel listed below by placing a copy of the same in the United States mail postage prepaid and properly addressed on this the _____ day of _____, 2007.

Kent Brunson,
Assistant U.S. Attorney for
The Middle District of Alabama
1 Church Street
Montgomery, Alabama 36102

/s/Glenn D. Zimmerman
Glenn D. Zimmerman